UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
STACEY MERCER, on behalf of herself and all
others similarly situated,

        Plaintiff,                        CASE NO.:

v.

SIXTY HOTELS, LLC,

        Defendant.
---------------------------------------------------------------x

## CLASS ACTION COMPLAINT

Plaintiff, STACEY MERCER (hereinafter "Plaintiff"), on behalf of herself and all others similarly situated, sues Defendant, SIXTY HOTELS, LLC (hereinafter "Defendant"), for injunctive relief, attorneys' fees, and litigation costs, including but not limited to disbursements, court expenses, and other fees, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. ("ADA") and the ADA Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter "ADAAG"), and for injunctive relief and damages, pursuant to the New York State Human Rights Law, New York City Human Rights Law, California UNRUH Civil Rights Act, and for class-wide relief pursuant to Rule 23 of the Federal Rules of Civil Procedure, and alleges:

### INTRODUCTION

Defendant owns and/or operates the following hotels: Sixty Soho;[1] Sixty Lower East Side;[2] 6 Columbus;[3] Nautilus;[4] and Sixty Beverly Hills[5] (these hotels are collectively referred to herein as the "Hotels").

---

[1] 60 Thompson St, New York, NY 10012
[2] 190 Allen St, New York, NY 10002
[3] 308 W 58th St, New York, NY 10019
[4] 1825 Collins Ave, Miami Beach, FL 33139
[5] 9360 Wilshire Blvd, Beverly Hills, CA 90212

1. Defendant maintains a website located at www.sixtyhotels.com (the "Website"). Defendant takes reservations for all Hotels through the Website. As of March 15, 2012, Defendant was required to ensure that all of its reservation systems, including online reservation systems (a) identify and describe accessible features of the Hotel in detail; (b) identify and describe accessible features of ADA compliant guest rooms in detail; (c) permit disabled individuals to independently assess whether or not the Hotel and its available guestrooms meet their individual accessibility needs (by describing accessible *and inaccessible* features); and (d) allow reservations to be taken for accessible guestrooms in the same manner as for non-accessible guestrooms.[6]

2. Plaintiff is disabled. Before filing this lawsuit, Plaintiff visited www.sixtyhotels.com/soho to learn about accessible features of common areas at Sixty Soho, to learn about accessible features of Hotel guestrooms at Sixty Soho, and to determine whether it would be possible to reserve a guestroom that accommodates her disability needs at Sixty Soho. Plaintiff encountered a failure to adhere to virtually all requirements set forth above, as detailed more fully below.

3. Plaintiff brings this action for her own benefit, and for the benefit of all similarly situated disabled individuals who have been unable to independently assess accessible and inaccessible features within the Hotels, including independent assessment of accessible and inaccessible features of relevant guestrooms and common areas, and/or to reserve accessible guestrooms through the Website, or through online reservation platforms, in the exact same manner as inaccessible guestrooms are reserved.

---

[6] This is a non-exclusive list of requirements imposed by 28 C.F.R. §36.302(e)(l). These requirements apply not only to the Website, but also to every online reservation system on which reservations can be made to stay at the Hotel, including orbitz.com, Travelocity.com, hotels.com, and others.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1343, as Plaintiff's claims arise under 42 U.S.C. §12181. et seq., based upon the enumerated violations of Title III of the Americans with Disabilities Act (*see also*, 28 U.S.C. §§ 2201 and 2202).

5. This Court has personal jurisdiction over Defendant in this action. Defendant is headquartered in this District.

6. Venue lies in this District pursuant to 28 U.S.C. §1391(a)(2), because a substantial part of the events or omissions giving rise to the claims here at issue occurred in this District; three of the Hotels are located in this District (including the one to which Plaintiff visited online), Plaintiff encountered Defendant's ADA violations from within this District, and the injury to Plaintiff at issue occurred in this District.

7. This Court has supplemental jurisdiction over Plaintiff's claims arising under New York and California state law. 28 U.S.C.S. §1367(a).

## PARTIES

8. At all times material hereto, Plaintiff, STACEY MERCER, was and is over the age of 18 years, *sui juris*, and a resident of Manhattan, New York, which is located within this District.

9. Plaintiff has at all material times suffered from a "qualified disability" under the ADA. Because of a criminal act perpetrated against her, Plaintiff suffers from paraplegia, and therefore uses a wheelchair.

10. Defendant is a NEW YORK CORPORATION authorized to conduct, and conducting, business in the State of New York, and is the owner and/or operator of the Hotels. Defendant has control over the content of its Website.

## CLASS ALLEGATIONS

11. Plaintiff brings this class action on her own behalf, and as a class action, pursuant to Federal Rule of Civil Procedure 23, on behalf of a class of people defined as follows:

> All disabled individuals, who have been unable to obtain required accessibility information or to independently secure an online reservation for an accessible guestroom, at any of the Hotels, by virtue of Defendant's failure to comply with the ADA and ADAAG on its Website and/or on other online reservation platforms.

12. Excluded from the Class is any person who is an executive, officer, employee, and/or director of the Defendant corporation.

13. The members of the Class are so numerous that joinder of all Class members is not practical. The size of the Class will be determined through discovery.

14. Plaintiff's claims are typical of those of the entire Class. Plaintiff, along with every member of the Class, has suffered civil right violations because of Defendant's continuing failure to comply with the ADA and ADAAG within online reservation platforms, including its Website.

15. Plaintiff can and will adequately protect the interests of all members of the Class and has retained competent counsel experienced in both ADA and class action litigation. Plaintiff has no interests that are contrary to the interests of the Class members in this case.

16. A class action is far superior to any other possible method for adjudicating this controversy. Each member of the Class is entitled to injunctive relief, as well as statutory damages under New York law (as to Hotels in New York). The expense and burden associated with individual litigation of each claim held by each member of the Class would be extraordinarily inefficient for Defendant, members of the Class, and the Courts of this District and others.

17. Common questions of law and fact prevail with respect to all members of the Class and predominate over questions applicable solely to individual Class members. Among such common

questions of law and fact is whether Defendant has violated Federal and New York State statutory obligations by failing to comply with the ADA, ADAAG, NYCHRL, NYSHRL, and the UNRUH Civil Rights Act, such that all physically disabled persons are not afforded fair and equal access to Hotels owned or operated by Defendant, as a result of the noncompliant Website and/or noncompliance on other online platforms.

18. Plaintiff knows of no special or unique difficulties that would be encountered in the management of this litigation that might preclude its maintenance as a class action.

19. The names and addresses of disabled individuals who have encountered non-compliance as set forth herein, and who have been excluded from full and equal access to required accessibility information regarding any hotel owned or operated by Defendant is obtainable through traditional channels used to identify members of any class; notice of this case, informing members of the Class that this case exists and that he/she may be a member of the Class, can be delivered by U.S. or electronic mail, using techniques and in a form of notice similar to those customarily used in class action litigation, and can additionally be advertised by television, internet (including the Website), radio, and other means of transmission that are likely to reach members of the Class.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

20. On July 26, 1990, Congress enacted the ADA, explaining that its purpose was to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities and to provide clear, strong, consistent, enforceable standards addressing such discrimination, by invoking the sweep of congressional authority to address the major areas of discrimination faced day-to-day by people with disabilities and ensure that the Federal government plays a central role in enforcing the standards set by the ADA. 42 U.S.C. § 12101(b)(l) - (4).

21. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General ("DOJ"), published revised regulations for Title III of the Americans With Disabilities Act of 1990. Public accommodations, including places of lodging were required to conform to these regulations <u>on or before March 15, 2012</u>.

22. On March 15, 2012, the new regulations implementing Title III of the ADA took effect, imposing significant obligations on inns, motels, hotels and other "places of lodging." 28 C.F.R. §36.302(e)(l) provides that:

> Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations ***made by any means***, including by telephone, in-person, or through a third party –
>
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
>
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
>
> (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
>
> (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and
>
> (v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a

> specific room is held in response to reservations made by others.

23. In promulgating the new requirements, the Department of Justice made clear that individuals with disabilities should be able to reserve hotel rooms with the same efficiency, immediacy, and convenience as those who do not need accessible guestrooms. *28 C.F.R. Part 36, Appx. A.*

24. Hotels (and motels) are required to identify and describe the accessible features in the hotel and guestrooms; "[t]his requirement is essential to ensure individuals with disabilities receive information they need to benefit from the services offered by the place of lodging." *28 C.F.R. Part 36, Appx. A.* Moreover, "a public accommodation's designation of a guestroom as "accessible" does not ensure necessarily that the room complies with all of the 1991 Standards." *28 C.F.R. Part 36, Appx. A.* Labeling a guestroom as "accessible" or "ADA" or "handicap" is not sufficient.

25. In addition,

> hotel rooms that are in full compliance with current standards may differ, and individuals with disabilities must be able to ascertain which features – in new and existing facilities – are included in the hotel's accessible guest rooms. For example, under certain circumstances, an accessible hotel bathroom may meet accessibility requirements with either a bathtub or a roll in shower. The presence or absence of particular accessible features such as these may mean the difference between a room that is usable by a particular person with a disability and one that is not.

*28 C.F.R. Part 36, Appx. A.* Accordingly, Defendant is required to set forth specific access features and not merely recite that a guestroom is "accessible" or "ADA" or list accessibility features that may (or may not) be offered within a particular guestroom.

26. For hotels in buildings constructed after the effect date of the 1991 Standards, it is sufficient to advise that the hotel itself is fully ADA compliant, and for each accessible room, to specify the

7

room type, the type of accessible bathing facility in the room, and the communications features in the room. *28 C.F.R. Part 36, Appx. A.*

27. However, for hotels in buildings constructed prior to the 1991 Standards, information about the hotel should include, at a minimum

> information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms. In addition to the room information described above, these hotels should provide information about important features **that do not comply** with the 1991 Standards. For example, if the door to the "accessible" room or bathroom is narrower than required, this information should be included (e.g., door to guest room measures 30 inches clear). [emphasis added].

*28 C.F.R. Part 36, Appx. A.*

28. The Hotels are places of public accommodation. Defendant owns and/or leases and operates those places of public accommodation.

29. Defendant's Website allows reservations for the Hotels to be taken online. Defendant has control over information provided to the public about the Hotels through the Website, and other online reservation platforms.

30. Prior to filing this lawsuit, Plaintiff visited the Website to learn about accessible features, and to independently assess whether there were guestrooms accessible to her, and whether she could independently reserve an accessible room in the same manner as those seeking to reserve non-accessible rooms. Plaintiff discovered that the Website does not comply with the ADA and ADAAG (as set forth herein).

31. As to www.sixtyhotels.com/soho (Sixty Soho): The page to view guestrooms describes no accessible rooms. The pages describing details of each guestroom do not list any accessible features. The page to view suites (with details as to each suite) shows no accessible features. When

8

the option to book a room is selected, multiple room types are displayed, with an option to learn more about each; none include any accessible features. No accessibility options given on the payment page. In short, there is no compliance with the requirements set forth above.

32. As to www.sixtyhotels.com/les (Sixty Lower East Side): The page describing guestrooms shows no accessible rooms. The pages describing details of each guestroom do not list any accessible features. The page to view suites (with details as to each suite) shows no accessible features. When the option to book a room is selected, multiple room types are displayed, with an option to learn more about each; none include any accessible features. No accessibility options given on the payment page. In short, there is no compliance with the requirements set forth above.

33. As to www.sixtyhotels.com/six-columbus (6 Columbus): The page describing guestrooms shows no accessible rooms. The pages describing details of each guestroom do not list any accessible features. The page to view suites (with details as to each suite) shows no accessible features. When the option to book a room is selected, multiple room types are displayed, as well as filters for room types, none of which provide any accessible options. No accessibility options are on the payment page. In short, there is no compliance with the requirements set forth above.

34. As to www.sixtyhotels.com/nautilus-south-beach (Nautilus): The page to view guestrooms shows no accessible rooms. The pages describing details of each guestroom do not list any accessible features (the "king deluxe" guestroom states "ADA accessible available" at the bottom of its list of features, but does not describe any accessible features, nor provide any way to book the accessible version of this room). The page to view suites (with details as to each suite) describe no accessible features. When the option to book a room is selected, multiple room types are displayed, with an option to learn more about each; none include any accessible features (although the "king deluxe" room repeats the statement set forth above). No accessibility options are given

on the payment page (and no option to book an accessible version of the "king superior" room). In short, there is no compliance with the requirements set forth above.

35. As to www.sixtyhotels.com/beverly-hills (Sixty Beverly Hills): The page describing guestrooms shows no accessible rooms. The pages describing details of each guestroom do not list any accessible features. The page to view suites (with details as to each suite) shows no accessible features. When the option to book a room is selected, multiple room types are displayed, as well as filters for room types, none of which provide any accessible options. No accessibility options given on the payment page. In short, there is no compliance with the requirements set forth above.

36. The Website also has no accessibility information at all concerning common areas and amenities (for any of the Hotels). The Website does not indicate that any of the Hotels is in full compliance with all 1991 Standards, or, in the alternative, as to any of the Hotels:

> a. Whether the public entrance complies with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;
>
> b. Whether the registration desk complies with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;
>
> c. Whether restaurant or other food service areas comply with the 1991 Standards, and if not, the ways in which they do not comply, so that Plaintiff and the Class can evaluate whether they are accessible to them;
>
> d. Whether any parking facilities, lots, or other parking accommodations comply with the 1991 Standards, and if not, the ways in which they do not comply, so that Plaintiff and the Class can evaluate whether they are accessible to them;

e. Whether the swimming pool complies with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

f. Whether the business center complies with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

g. Whether the meeting/ballroom areas comply with the 1991 Standards, and if not, the ways in which they do not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

h. Whether the route from the public entrance to the registration desk is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

i. Whether the route from the registration desk to the accessible rooms is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

j. Whether the route from the public entrance to the business center is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

k. Whether the route from the accessible guestrooms to the business center is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

l. Whether the route from the public entrance to the pool (if any) is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

m. Whether the route from the accessible guestrooms to the pool (if any) is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

n. Whether the route from the public entrance to the fitness center is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

o. Whether the route from the accessible guestrooms to the fitness center is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

p. Whether the route from the public entrance to the restaurant or food service areas is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

q. Whether the route from the accessible guestrooms to the restaurant or food service areas is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

r. Whether the route from the public entrance to the conference/ballroom space is accessible in compliance with the 1991 Standards, and if not, the ways in which it

        does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

    s. Whether the route from the accessible guestrooms to the meeting/ballroom space is accessible in compliance with the 1991 Standards, and if not, the ways in which it does not comply, so that Plaintiff and the Class can evaluate whether it is accessible to them;

37. This is not intended to be an exclusive list, and Plaintiff, on behalf of herself and the class, brings this action to remediate all violations of the ADAAG found to exist upon the Website, and upon all online reservation platforms for any hotel owned or operated by Defendant.

38. In addition to the list above, upon information and belief, Defendant may not effectively (i) ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type; (ii) reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; or (iii) guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others. Further discovery is required on these issues.

39. Plaintiff will visit the Website again, and members of the Class will visit online platforms and the Websites, upon the Defendant's compliance with the laws and regulations specified herein, in order learn about the accessible (and inaccessible) features, learn about the accessible (and inaccessible) features of guestrooms, assess the extent to which the hotels meet each of their specific accessibility needs, and determine whether they can reserve an accessible guestroom and/or to reserve an accessible guestroom.

40. Defendant has discriminated against Plaintiff and all other mobility-impaired individuals, including the Class, by denying full and equal access to and enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered on the Website, due to the continuing ADA and ADAAG violations as set forth above. Defendant has now had eight (8) years to bring the Website (and other hotel websites, as applicable) into compliance with the ADAAG revisions, but has failed or refused to do so.

41. Modifying the Website (and applicable other hotel websites and third-party sites) to comply with the ADA and ADAAG is accomplishable without undue burden or expense and is readily achievable. But in any event, upon information and belief, the Website (and websites for other hotels applicable to the Class) have been altered, updated, and edited, after 2010, but not in a manner compliant with 2010 ADAAG standards.

42. Defendant will continue to discriminate against Plaintiff and all other disabled individuals who access the Website (or any other non-compliant hotel website) unless and until Defendant modifies the Website (and all other applicable websites) to set forth all required information, as set forth above.

43. Plaintiff and the Class are without an adequate remedy at law and are suffering irreparable harm, and Plaintiff reasonably anticipates that she and the Class will continue to suffer this harm unless and until Defendant is required to correct the ADA violations found upon the Websites (and all other applicable hotel websites), and maintain the Websites (and all other applicable hotel websites), inclusive of the online reservation system, and accompanying policies and procedures, in a manner that is consistent with and compliant with ADA and ADAAG requirements.

44. Pursuant to 42 U.S.C. §12188(a) this Court has authority to grant injunctive relief to Plaintiff, and the Class, including an Order that compels Defendant to enact policies that are

consistent with the ADA and its remedial purposes, and to alter and maintain its Website (and all other hotel websites that it controls), and all online reservation systems, in accordance with the requirements set forth within the 2010 Standards, 28 C.F.R. §36.302(e)(l).

## COUNT II
## VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

45. Plaintiff re-avers the allegations set forth above as though fully set forth herein.

46. This count is pled for Plaintiff, and for all members of the Class who visited the Website to learn about or reserve at Sixty Soho, Sixty LES, or 6 Columbus.

47. The New York State Human Rights Law provides:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation…. because of the … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of … disability … [7]

48. The Website is a gateway to, and a part of, the Hotel, which is a place of public accommodation as defined by the New York State Human Rights Law.

49. Plaintiff and the Class have visited the Website, and encountered barriers made illegal by the ADA and ADAAG, and thus by the New York State Human Rights Law.

50. By maintaining barriers that discriminate against people with disabilities through the actions described above, Defendant has, directly or indirectly, refused, withheld, and/or denied to Plaintiff and the Class, because of disability, accommodations, advantages, facilities or

---

[7] NYS Exec. Law § 296 (2)(a).

privileges of the Hotel. The failure by Defendant to act to identify and remove these barriers, which have been illegal since March 15, 2012, can be construed as "negligence per se."

51. Plaintiff and the Class have been damaged and will continue to be damaged by this discrimination as more fully set forth above and, in addition to injunctive relief, seek judgment pursuant to N.Y. Exec. Law §297, including damages pursuant to §297(9) thereof.

## COUNT III
## VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

52. Plaintiff re-avers the allegations set forth above as though fully set forth herein.

53. This count is pled for Plaintiff, and for all members of the Class who visited the Website to learn about or reserve at Sixty Soho, Sixty LES, or 6 Columbus.

54. The New York City Human Rights Law provides:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived…disability…of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof…to the effect that any of the accommodations, advantages, facilities and privileges of any such place or provider shall be refused, withheld from or denied to any person on account of …disability…[8]

55. Defendant is in violation of the New York City Human Rights Law by denying the Plaintiff and the Class full access to all the accommodations, benefits, and services, available appurtenant to the Hotel, as described above.

56. Plaintiff and the Class have been damaged and will continue to be damaged by this discrimination as more fully set forth above and, in addition to injunctive relief, seeks judgment pursuant to the New York City Human Rights Law, and all relief provided for thereunder.

---

[8] NYC Admin Code § 8-107(4)(a)

## COUNT IV
## VIOLATIONS OF THE CALIFORNIA UNRUH CIVIL RIGHTS LAW

57. Plaintiff re-avers the allegations set forth above as though fully set forth herein.

58. This count is pled for all members of the Class who visited the Website to learn about or reserve at Sixty Beverly Hills.

59. The Unruh Civil Rights Act ("Unruh Act") guarantees, *inter alia*, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. *Cal. Civ. Code §51(b).*

60. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. *Cal. Civ. Code, § 51(f).*

61. Defendant's acts and omissions, as herein alleged, have violated the Unruh Act by, *inter alia,* denying, or aiding, or inciting the denial of, rights to full and equal use of the accommodations, advantages, facilities, privileges, or services to disabled persons who attempted to reserve, or learn about, Sixty Beverly Hills, by using the Website.

62. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for applicable Class members, Defendant is also responsible for statutory damages, i.e., a civil penalty. *Cal. Civ. Code § 55.56(a)-(c).*

WHEREFORE, Plaintiff, STACEY MERCER, on behalf of herself and a class of persons similarly situated, respectfully requests that this Court enter judgment in her favor, and against Defendant, as follows:

  a. Certify a Class, as that term is defined hereinabove;

  b. Enter a declaration that the Website is owned, leased, operated, and/or controlled by Defendant, and is in violation of the ADA, NYSHRL, and/or NYCHRL;

c. Enter temporary and permanent injunctive relief enjoining Defendant from continuing its discriminatory practices, including the requirement that Defendant permanently implement policies, practices, procedures, including online content, consistent with the mandates of the 2010 ADAAG Standards on the Websites and all other online reservation platforms for all hotels that it owns or operated, including the Hotels;

d. Enter temporary and permanent injunctive relief enjoining Defendant from maintaining or controlling content on any website (including the Website) through which it is offering online reservations for any hotel that it owns or operates (including the Hotels), unless such website and online reservation system fully complies with 28 C.F.R. §36.302(e)(l);

e. Entering an award of reasonable attorneys' fees, costs, disbursements and other expenses associated with this action, in favor of Plaintiff and the Class;

f. Awarding a judgment, and compensatory damages deemed just and appropriate pursuant to NYSHRL, NYCHRL, and the UNRUH Civil Rights Law, to Plaintiff and the Class; and

g. Such other and further relief as this Court deems just, necessary and appropriate under the circumstances.

DATED this **13th** day of **August**, 2018.

Respectfully Submitted,

LAW OFFICES OF NOLAN KLEIN
*Attorneys for Plaintiff*
39 Broadway, Ste. 2250
New York, NY 10006
PH:   (646) 560-3230
www.nklegal.com

By: */s/ Nolan Klein*
NOLAN KLEIN, ESQUIRE
(NK4223)
klein@nklegal.com
amy@nklegal.com